## WARE *versus* WEBB & *als.*

In an action by the indorsee of a negotiable note, if the plaintiff allege the indorsement, he need not allege a promise to himself. By operation of law, the original promise was to him.

The second count in a writ need not allege, that it is for a cause of action " *other*" than that of the first count.

The statute of limitations does not, of its own force, cut off claims, unless it be presented to the court, as a defence. It is not necessary in the declaration, to allege that the cause of action accrued within six years.

Neither is it necessary to allege that the note was witnessed.

SPECIAL DEMURRER to declaration. The writ was dated in 1849. There were two counts; one in common form of *indebitatus assumpsit*, for $1000, money had and received ; the other upon a note, dated August 19, 1841, promising Eben H. Niel to pay him or order $500 on demand and interest. The count then proceeded as follows, "and there afterwards, on the same day, said Niel by his indorsement of said note,

value received, ordered the contents thereof to be paid to one Sally Fletcher accordingly, who there afterwards, on the same day, by her indorsement of said note, ordered the contents thereof to be paid to the plaintiff accordingly."

For causes of demurrer, the defendants say : —

1. No promise to the *plaintiff* is alleged in the first count.

2. No promise is alleged to have been made to any one, within six years.

3. The writ and declaration show that both counts are for the same cause of action, and the first count shows that the promise, if any, was not made within six years.

Joinder in demurrer.

*Webster*, for defendants.

The first count is fatally defective, because it does not allege any promise to the *plaintiff*.

A demurrer is equivalent to a call for a bill of particulars, which, upon such call, must be produced ; and beyond such a bill, the plaintiff can give nothing in evidence. 28 Maine, 492 ; 3 Esp. 168 ; 2 B. & P. 243 ; 4 Esp. 7.

Time is of the essence of the contract declared on. A renewal of a promise, is a new contract. R. S. chap. 146, sect. 19 and 20.

If there have been a new promise, it is necessary to declare upon it.

The present law has swept away the *shadow* of pretence for declaring on the old contract.

The demurrer admits the debt, but denies the right to recover under R. S. chap. 146, sect. 1.

The note is not declared upon as a *witnessed* note. Such would be a specialty. R. S. chap. 147, sect. 7.

Attestation is as material as a seal. 4 Pick. 422.

It changes a general contract, into a particular one. It changes the plaintiff's remedy. It should therefore be noticed in the declaration.

*Abbott*, for plaintiff.

TENNEY, J., orally. — The promise to pay one or his order,

is a promise to pay to any person who may hold the note by indorsement.

The first count is good.

That the common money count is good, is much too late for question. It has long been settled that a note, in the hands of an indorsee, may be introduced as evidence, under such a count.

But it is said the two counts are for the same cause of action. If so, there would be nothing demurrable. But that fact does not appear. There is no need to allege that the second count is for a cause different from that of the first. It is also objected that the cause of action is not alleged to have arisen within six years. Such an allegation is not necessary. The statute of limitations does not, of its own force, cut off claims, unless it be presented to the court as a defence. It furnishes only a rule of evidence. It defeats the remedy upon old promises, only when its benefits are invoked by the defendant. Neither is it necessary to allege that the note was witnessed.                    *Declaration adjudged good.*